Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
**TUCKER ELLIS LLP**
233 S. Wacker Dr., Suite 6950
Chicago, Illinois 60606
Telephone:  (312) 624-6300
Facsimile:  (312) 624-6309

Brigid M. Higgins (Nevada Bar No. 5990)
**BLACK & WADHAMS**
10777 West Twain Avenue, Suite 300
Las Vegas, Nevada 89135
Telephone:  (702) 869-8801
Facsimile:  (702) 869-2669

Counsel to the Official Committee of Unsecured Creditors
of Gypsum Resources Materials, LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>GYPSUM RESOURCES MATERIALS, LLC<br><br>☒ Affects Gypsum Resources Materials, LLC<br>☐ Affects Gypsum Resources, LLC<br>☐ Affects all Debtors<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GYPSUM RESOURCES MATERIALS, LLC<br><br>VS.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC | Case No. BK-S-19-14796-mkn<br><br>Jointly Administered with<br>Case No. BK-S-19-14799-mkn<br><br>Chapter 11<br><br>Adv. No.<br><br>**COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547, TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. §550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** |

5225410.1

The Official Committee of Unsecured Creditors of Gypsum Resources Materials, LLC (the "Committee"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential transfers against Premium Merchant Funding One, LLC (the "Defendant") pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), and to disallow claims held by Defendant pursuant to section 502 of the Bankruptcy Code. In support of this Complaint, the Committee hereby alleges upon information and belief as follows:

## NATURE OF THE CASE

1. This action is commenced pursuant to sections 547 and 550 of the Bankruptcy Code to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential transfers made by Debtor Gypsum Resources Materials, LLC ("GRM"), that occurred during the ninety (90) day period prior to the commencement of GRM's chapter 11 case.

2. In addition, the Committee seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against GRM or that has been scheduled for Defendant, unless Defendant has paid to GRM's estate any amounts for which it is liable under sections 547 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding which arises under title 11 of the United States Code, and is related to the above-captioned bankruptcy case (the "Bankruptcy Case") pending before the United States Bankruptcy Court for the District of Nevada (the "Court"), pursuant to 28 U.S.C. §§ 157 and 1334.

5225410.1

4. The causes of action set forth herein concern the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 502, 547, and 550, and, as such, constitute a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. The Committee states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND OF THE BANKRUPTCY CASE

8. On July 26, 2019 (the "Petition Date"), both GRM and Gypsum Resources, LLC ("GR," and together with GRM, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code with the Bankruptcy Court. The Debtors are managing their assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. No trustee or examiner has been appointed in the Debtors' cases.

9. On August 30, 2019, the Office of the United States Trustee appointed the Committee to represent the unsecured creditors of GRM pursuant to section 1102 of the Bankruptcy Code.

10. On June 29, 2021, the Bankruptcy Court entered an order approving that certain Stipulation Granting Derivative Standing to the Official Committee of Unsecured Creditors to Commence, Prosecute and Resolve Certain Claims and Causes of Action (Case No. 19-14796-

5225410.1

mkn, Docket No. 1376, the "Derivative Standing Stipulation"), which authorized and gave derivative standing to the Committee to assert, on behalf of the Debtors' estates, certain causes of action, including the causes of action set forth in this Complaint.

## FACTUAL BACKGROUND

11. Prior to the Petition Date, GRM maintained business relationships with various business entities, including manufacturers, landlords, suppliers, distributors, and professional services firms, and regularly purchased, sold, received, and/or delivered goods and services in support of its operations.

12. On July 15, 2019, GRM merged with High Grade Gypsum LLC ("HGG"), a Nevada limited liability company. GRM is the survivor of the merger.

13. During the ninety (90) day period prior to the Petition Date, that is, between April 27, 2019 and July 26, 2019 (the "Preference Period"), GRM continued to operate its business affairs, including the transfer of cash and other property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

14. During the course of their relationship, GRM and Defendant entered into agreements or other trade relationships, which are evidenced by invoices, communications, and other documents (collectively, the "Agreements").

15. GRM and Defendant conducted business with one another during the Preference Period pursuant to the Agreements.

16. The Committee has completed an analysis of all readily available information from the Debtors, and is seeking to avoid all of the transfers of an interest in GRM's property made by GRM to the Defendant during the Preference Period.

5225410.1

17.   The Committee performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant, based on the documents and information made available to it by the Debtors.

18.   Based upon the Committee's review of the information, if any, provided by Defendant, and/or the Debtors, prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s) (defined below), the Committee has determined that the Committee may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

19.   The Committee has determined that GRM made transfer(s) of an interest of GRM's property to or for the benefit of the Defendant during the Preference Period through payments aggregating to an amount of not less than $435,478.25 (with each individual transfer being a "Transfer" and all Transfers collectively, the "Transfers"). The details of each of the Transfers are set forth on Exhibit A attached hereto and incorporated by reference herein.

20.   During the course of this adversary proceeding, the Committee may learn (through discovery or otherwise), of additional transfers made by GRM to the Defendant during the Preference Period. At this time, it is the Committee's intention to avoid and recover all transfers made by GRM of an interest of GRM in property and to or for the benefit of the Defendant or any other transferee. The Committee reserves the right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers from either of the Debtors, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by a chapter 11, if applicable (collectively, the "Potential Plan Causes of Action"), that may become known to the Committee at any time during this

5225410.1

adversary proceeding, through formal discovery or otherwise, and for the Potential Plan Causes of Action to relate back to this original Complaint.

21. The Committee acknowledges that some of the Transfers might be subject to defenses under section 547(c) of the Bankruptcy Code, for which the Defendant bears the burden of proof under section 547(g) of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

22. The Committee incorporates all preceding paragraphs as if fully re-alleged herein.

23. Each of the Transfers was made to the Defendant by GRM as identified on Exhibit A, attached hereto and incorporated herein.

24. GRM made the Transfers to or for the benefit of the Defendant in an aggregate amount of not less than $435,478.25.

25. The Transfers were made from GRM's accounts and constituted transfers of an interest in property of GRM.

26. During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of supplying to GRM the goods and/or services identified in the Agreements, for which GRM was obligated to pay, in accordance with the Agreements. *See* Exhibit A.

27. Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by GRM under the Agreements to the Defendant as identified in Exhibit A.

28. Each Transfer was made for, or on account of, an antecedent debt or debts owed by GRM identified on Exhibit A to the Defendant before such Transfers were made, as asserted by

5225410.1

Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by GRM. *See* Exhibit A.

29. Each Transfer identified on Exhibit A was made while GRM was insolvent. The Committee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

30. Each Transfer was made during the Preference Period. *See* Exhibit A.

31. As a result of each Transfer, the Defendant received more than it would have received if: (i) GRM's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of its debts under the provisions of the Bankruptcy Code. GRM's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims.

32. The Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

33. Accordingly, the Committee is entitled to an order and judgment against the Defendant avoiding each Transfer pursuant to section 547(b) of the Bankruptcy Code.

**COUNT II**

**(Recovery of Avoided Transfers – U.S.C. § 550)**

34. The Committee incorporates all preceding paragraphs as if fully re-alleged herein.

35. The Committee is entitled to avoid the above-described Transfers pursuant to section 547(b) of the Bankruptcy Code.

5225410.1

36. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

37. Pursuant to section 550(a) of the Bankruptcy Code, the Committee is entitled to recover from Defendant all Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

### (Disallowance of Claims – 11 U.S.C. § 502(d))

38. The Committee incorporates all preceding paragraphs as if fully re-alleged herein.

39. The Defendant is a transferee of Transfers avoidable pursuant to section 547 of the Bankruptcy Code, which Transfers are recoverable under section 550 of the Bankruptcy Code.

40. The Defendant has not paid the amount of the Transfers or turned over such property for which the Defendant is liable under section 550 of the Bankruptcy Code.

41. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against GRM must be disallowed until such time as Defendant pays the Committee (for the benefit of GRM's bankruptcy estate and creditors) the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

## RELIEF REQUESTED

**WHEREFORE,** the Committee respectfully requests that this Court enter an order providing the following relief against Defendant:

A. On Count I, judgment in favor of the Committee and against the Defendant, avoiding the Transfers;

5225410.1

B. On Count II, judgment in favor of the Committee and against the Defendant, directing the Defendant to return to the Committee the amount of the Transfers, pursuant to 11 U.S.C. § 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C. On Count III, judgment in favor of the Committee and against the Defendant, disallowing any claims filed by the Defendant or scheduled in its favor in the Debtor's chapter 11 case until the Defendant returns the Transfers to the Committee (for the benefit of the GRM bankruptcy estate) pursuant to 11 U.S.C. § 502(d); and

D. Such other relief as this Court may deem just and proper.

Dated: July 23, 2021                              Respectfully submitted,

**The Official Committee of Unsecured Creditors of Gypsum Resources Materials, LLC**

By: */s/ Thomas Fawkes*
     One of Its Attorneys

**BLACK & WADHAMS**

Brigid M. Higgins (Nevada Bar No. 5990)
10777 West Twain Avenue, Suite 300
Las Vegas, Nevada 89135
Telephone: (702) 869-8801
Facsimile: (702) 869-2669

*Local Counsel for the Committee*

**TUCKER ELLIS LLP**

Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Tel: (312) 624-6300

5225410.1

Thomas.Fawkes@tuckerellis.com
Brian.Jackiw@tuckerellis.com

*Counsel for the Committee*

5225410.1

# EXHIBIT A

# LIST OF TRANSFERS

| Creditor | Transfer Date | Amount | Check/Wire Number |
|---|---|---|---|
| PREMIUM MERCHANT FUNDING ONE, LLC | 04/26/2019 | $3,778.00 | ACH 04.26.19 |
| | 04/26/2019 | $35.00 | ACH 04.26.19 |
| | 04/29/2019 | $3,142.85 | ACH 04.29.19 |
| | 04/29/2019 | $3,778.00 | ACH 04.29.19 |
| | 04/30/2019 | $3,142.85 | ACH 04.30.19 |
| | 04/30/2109 | $3,142.85 | ACH 04.30.19 |
| | 04/30/2019 | $3,778.00 | ACH 04.30.19 |
| | 04/30/2019 | $35.00 | ACH 04.30.19 |
| | 04/30/2019 | $35.00 | ACH 04.30.19 |
| | 04/30/2019 | $3,778.00 | ACH 04.30.19 |
| | 05/01/2019 | $3,778.00 | ACH 05.01.19 |
| | 05/01/2019 | $3,142.85 | ACH 05.01.19 |
| | 05/02/2019 | $3,778.00 | ACH 05.02.19 |
| | 05/03/2019 | $3,778.00 | ACH 05.03.19 |
| | 05/06/2019 | $3,778.00 | ACH 05.06.19 |
| | 05/06/2019 | $3,142.85 | ACH 05.07.19 |
| | 05/08/2019 | $3,778.00 | ACH 05.08.19 |
| | 05/08/2019 | $3,142.85 | ACH 05.08.19 |
| | 05/09/2019 | $3,9404.50 | ACH 05.09.19 |
| | 05/09/2019 | $3,778.00 | ACH 05.09.19 |
| | 05/09/2019 | $3,142.85 | ACH 05.09.19 |
| | 05/10/2019 | $3,778.00 | ACH 05.10.19 |
| | 05/10/2019 | $3,142.85 | ACH 05.10.19 |

5225410.1

| | | | |
|---|---|---|---|
| | 05/13/2019 | $3,142.85 | ACH 05.13.19 |
| | 05/13/2019 | $3,778.00 | ACH 05.13.19 |
| | 05/14/2019 | $3,142.85 | ACH 05.14.19 |
| | 05/14/2019 | $3,778.00 | ACH 05.14.19 |
| | 05/15/2019 | $3,142.85 | ACH 05.15.19 |
| | 05/15/2019 | $3,778.00 | ACH 05.15.19 |
| | 05/16/2019 | $3,778.00 | ACH 05.16.19 |
| | 05/16/2019 | $3,142.85 | ACH 05.16.19 |
| | 05/17/2019 | $3,778.00 | ACH 05.17.19 |
| | 05/17/2019 | $3,142.85 | ACH 05.17.19 |
| | 05/20/2019 | $3,142.85 | ACH 05.20.19 |
| | 05/20/2019 | $3,778.00 | ACH 05.20.19 |
| | 05/21/2019 | $3,142.85 | ACH 05.21.19 |
| | 05/21/2019 | $3,778.00 | ACH 05.21.19 |
| | 05/22/2019 | $3,778.00 | ACH 05.22.19 |
| | 05/22/2019 | $3,142.85 | ACH 05.22.19 |
| | 05/23/2019 | $3,778.00 | ACH 05.23.19 |
| | 05/23/2019 | $3,142.85 | ACH 05.23.19 |
| | 05/24/2019 | $3,778.00 | ACH 05.24.19 |
| | 05/24/2019 | $3,142.85 | ACH 05.24.19 |
| | 05/28/2019 | $3,142.85 | ACH 05.28.19 |
| | 05/28/2019 | $3,778.00 | ACH 05.28.19 |
| | 05/30/2019 | $3,142.85 | ACH 05.30.19 |
| | 05/30/2019 | $3,778.00 | ACH 05.30.19 |
| | 05/31/2019 | $3,778.00 | ACH 05.31.19 |
| | 06/03/2019 | $3,778.00 | ACH 06.03.19 |
| | 06/03/2019 | $3,142.85 | ACH 06.03.19 |

5225410.1

| | | | |
|---|---|---|---|
| | 06/05/2019 | $3,778.00 | ACH 06.05.19 |
| | 06/05/2019 | $3,142.85 | ACH 06.05.19 |
| | 06/06/2019 | $3,778.00 | ACH 06.06.19 |
| | 06/06/2019 | $3,142.85 | ACH 06.06.19 |
| | 06/07/2019 | $3,778.00 | ACH 06.07.19 |
| | 06/07/2019 | $3,142.85 | ACH 06.07.19 |
| | 06/10/2019 | $3,778.00 | ACH 06.10.19 |
| | 06/10/2019 | $3,142.85 | ACH 06.10.19 |
| | 06/11/2019 | $3,142.85 | ACH 06.11.19 |
| | 06/11/2019 | $3,142.85 | ACH 06.11.19 |
| | 06/11/2019 | $3,778.00 | ACH 06.11.19 |
| | 06/11/2019 | $3,778.00 | ACH 06.11.19 |
| | 06/11/2019 | $3,778.00 | ACH 06.11.19 |
| | 06/11/2019 | $3,142.85 | ACH 06.11.19 |
| | 06/12/2019 | $3,778.00 | ACH 06.12.19 |
| | 06/12/2019 | $3,142.85 | ACH 06.12.19 |
| | 06/13/2019 | $3,778.00 | ACH 06.13.19 |
| | 06/13/2019 | $3,142.85 | ACH 06.13.19 |
| | 06/14/2019 | $3,778.00 | ACH 06.14.19 |
| | 06/17/2019 | $3,778.00 | ACH 06.17.19 |
| | 06/20/2019 | $3,778.00 | ACH 06.20.19 |
| | 06/20/2019 | $3,142.85 | ACH 06.20.19 |
| | 06/21/2019 | $3,778.00 | ACH 06.21.19 |
| | 06/21/2019 | $3,142.85 | ACH 06.21.19 |
| | 06/24/2019 | $3,142.85 | ACH 06.24.19 |
| | 06/24/2019 | $3,778.00 | ACH 06.24.19 |
| | 06/25/2019 | $20,337.40 | ACH 06.28.19 |

5225410.1

| | | | |
|---|---|---|---|
| | 06/25/2019 | $3,778.00 | ACH 06.25.19 |
| | 06/25/2019 | $3,142.85 | ACH 06.25.19 |
| | 06/26/2019 | $3,142.85 | ACH 06.26.19 |
| | 06/26/2019 | $3,778.00 | ACH 06.26.19 |
| | 06/27/2019 | $3,778.00 | ACH 06.27.19 |
| | 06/27/2019 | $3,142.85 | ACH 06.27.19 |
| | 06/28/2019 | $3,142.85 | ACH 06.28.19 |
| | 06/28/2019 | $3,778.00 | ACH 06.28.19 |
| | 07/01/2019 | $3,778.00 | ACH 07.01.19 |
| | 07/01/2019 | $3,142.85 | ACH 07.01.19 |
| | 07/02/2019 | $3,778.00 | ACH 07.02.19 |
| | 07/02/2019 | $3,142.85 | ACH 07.02.19 |
| | 07/05/2019 | $3,142.85 | ACH 07.05.19 |
| | 07/05/2019 | $3,778.00 | ACH 07.05.19 |
| | 07/08/2019 | $3,142.85 | ACH 07.08.19 |
| | 07/08/2019 | $3,778.00 | ACH 07.08.19 |
| | 07/11/2019 | $3,142.85 | ACH 07.11.19 |
| | 07/11/2019 | $3,778.00 | ACH 07.11.19 |
| | 07/12/2019 | $3,142.85 | ACH 07.12.19 |
| | 07/12/2019 | $3,778.00 | ACH 07.12.19 |
| | 07/15/2019 | $3,778.00 | ACH 07.15.19 |
| | 07/15/2019 | $3,142.85 | ACH 07.15.19 |
| | 07/17/2019 | $3,142.85 | DC 07.17.19 |
| | 07/17/2019 | $3,778.00 | ACH 07.17.19 |
| | 07/18/2019 | $3,142.85 | ACH 07.18.19 |
| | 07/18/2019 | $3,778.00 | ACH 07.18.19 |
| | 07/19/2019 | $3,778.00 | ACH 07.19.19 |

5225410.1

| | | | |
|---|---|---|---|
| | 07/19/2019 | $3,142.85 | ACH 07.19.19 |
| | 07/23/2019 | $3,778.00 | ACH 07.23.19 |
| | 07/23/2019 | $3,142.85 | ACH 07.23.19 |
| | 07/24/2019 | $3,778.00 | ACH 07.24.19 |
| | 07/24/2019 | $3,142.85 | ACH 07.24.19 |
| | 07/25/2019 | $3,142.85 | ACH 07.25.19 |
| | 07/25/2019 | $3,778.00 | ACH 07.25.19 |
| | 07/26/2019 | $3,142.85 | ACH 07.26.19 |
| | 07/26/2019 | $3,778.00 | ACH 07.26.19 |
| | **TOTAL:** | **$435,478.25** | |

5225410.1